## OLIVER KING *vs.* LUTHER A. HAM.

An officer who upon arresting a person charged with larceny takes from him other property than that alleged to have been stolen, and refuses to give it up on demand, and retains possession of it for two years after the person arrested has been convicted, is liable in damages; and if the property so taken is a promissory note, the maker of which becomes insolvent before the officer offers to restore it, the measure of damages is the value of the note at the time of the conversion, and interest thereafter.

Tort for the conversion of a promissory note of $300 signed by one Brewster and payable to the plaintiff.

A trial by jury was waived in the superior court, and the case was tried before *Morton*, J., who found that on the 21st of December 1855 a warrant was issued against the plaintiff and others charging them with the larceny of $50,000 in gold, the property of the American Express Company; that the defendant, as deputy chief of police, with other officers, arrested the plaintiff on the 22d of December and searched him and took from his person the note mentioned above, and other property, and committed him to jail, and the plaintiff shortly after demanded the return of the same, but the defendant retained them to be used as evidence against the plaintiff, and the note was afterwards so used at the preliminary examinations and final trial of the plaintiff for the larceny in the state of Michigan, for the sole purpose of showing that he had in his possession a large amount of property for which he could not account; that the plaintiff was convicted and sentenced to imprisonment in the penitentiary in Michigan; that Brewster was solvent and able to pay the note for two years after the plaintiff was thus imprisoned, and would have paid it on request, but then became insolvent and has so continued ever since, and no other demand was ever made on the defendant for it, nor did he ever tender it to the plaintiff until after Brewster became insolvent. Upon these facts the judge ruled that the defendant was liable, and that the measure of damages was the value of the note at the time of the conversion, and interest thereafter; and found for the plaintiff accordingly. The defendant alleged exceptions.

*H. F. French*, for the defendant, cited *Morris* v. *Penniman*, 14 Gray, 220; *Robinson* v. *Howard*, 7 Cush. 257; *Rohan* v. *Sawin*, 5 Cush. 281.

*N. St. J. Green*, for the plaintiff.

Dewey, J. The taking and continued retention of this note for the period of two years, and until after the maker had become insolvent, was in violation of the rights of the plaintiff. So far as any statute provision existed in relation to the seizure of

property, on a warrant to arrest a person charged with larceny it will be found limited to the articles alleged to have been stolen. Rev. Sts. c. 126, § 25. The alleged larceny in the present case was of gold coin. And it is contended that there was nothing to authorize the taking and subsequent detention of this property, under any authority of officers serving such warrants to take into their possession any articles of personal property that they may deem useful as evidence to be used to establish the guilt of the party charged with the larceny.

Without considering the question whether this right exists, and under what limitations, the court are clearly of opinion that in the present case, after the recognizance had been given by the plaintiff for his future appearance and the demand had been made for the note, the note ought to have been delivered to the plaintiff, and the refusal so to do and the continued retention of the same for the period of two years and until the maker had become insolvent cannot be justified. The defendant became thereby chargeable for the value of the note at the time of the conversion ; and the court properly ruled upon the question of damages.                                        *Exceptions overruled.*